### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:13-cr-00131-IM** |
| **Plaintiff,** | |
| | **ORDER TO REDUCE SENTENCE** |
| **v.** | |
| **HARVEY WILLARD MERRIWEATHER,** | |
| **Defendant.** | |

The defendant, Harvey Merriweather, through his attorney, Thomas E. Price, and together with the attorney for the government, Assistant United States Attorney May E. Potter, jointly moved this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served and amend the conditions of supervised release to include a period of community confinement.

As amended by the First Step Act, the compassionate release statute allows courts to reduce sentences for "extraordinary and compelling" reasons. Thirty days have elapsed since Mr. Merriweather initiated a request for compassionate release consideration with the warden of FCI Greenville. Accordingly, this motion is properly before this Court.

**Page 1   ORDER TO REDUCE SENTENCE**

Mr. Merriweather is a 78-year-old man who suffers from high blood pressure and a variety of additional medical conditions, including: (1) cirrhosis of the liver secondary to Hepatitis Type C; (2) the development of "sixth nerve palsy" affecting his vision (possibly secondary to contraction of COVID-19), (3) recovering from prostate cancer; (4) glaucoma, (5) hypothyroid; (6) mild subpleural emphysema (7) history of lung collapse and (8) recovering from COVID-19 this year.  Mr. Merriweather remains in custody at FCI Greenville. Including good time credit and based on his projected release date of September 19, 2021, Mr. Merriweather has approximately 10 months remaining of his 120-month sentence.

Based on all of the relevant circumstances, the parties agree that this case presents extraordinary and compelling reasons to reduce Mr. Merriweather's sentence to time served. Additionally, the parties agree that the requested sentence reduction would be consistent with the sentencing factors under 18 U.S.C. § 3553(a) and the applicable policy statement in U.S.S.G. § 1B1.13.

Mr. Merriweather has a release plan which includes residing at the NWRRC, restarting his Social Security benefits, and obtaining suitable clean and sober housing.

For all of the foregoing reasons, the Court finds that compassionate release should be granted and ORDERS that Mr. Merriweather sentence be amended to one of time-served, effective ten days from the entry of the amended judgment.  Release shall occur by the effective date of the order if the BOP has determined that defendant is COVID-19 negative.[1]  Upon release from

---

[1]  If the BOP cannot make the determination by the effective date of release, the Government shall notify the Court without delay.

confinement, the Court ORDERS that, in addition to all previously ordered conditions contained in the original judgment, that the judgement is amended as follows:

1.      That the special conditions of supervision shall be modified to require that the defendant shall reside in a residential re-entry center for a period not to exceed 120 days.

2.      Upon his arrival at the residential re-entry center, the defendant shall quarantine for a 14-day period unless the U.S Probation Office authorizes interruption of the quarantine for urgent reasons.

3.      Following completion of the residential re-entry center placement, the defendant shall remain on home confinement until September 19, 2021, or until further order of the Court.

It is so ORDERED.

.

Dated this __18th__ day of December 2020.


_Karin J. Immergut_

The Honorable  Karin J. Immergut
United States District Court Judge